IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SALLY A. GILLETTE,

        Plaintiff,

v.

THE WILSON SONSINI GROUP
WELFARE BENEFIT PLAN; CIGNA
CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE
COMPANY; CIGNA HEALTHCARE OF
CALIFORNIA; BETTY LYDDON, in
her capacity as fiduciary to
the Wilson Sonsini Goodrich &
Rosati Group Welfare Plan;
and DONALD E. BRADLEY, in his
capacity as fiduciary to the
Wilson Sonsini Goodrich &
Rosati Group Welfare Plan,

        Defendants.

3:14-CV-00222-BR

OPINION AND ORDER

SALLY A. GILLETTE
9655 S.W. 52nd Avenue, #55
Portland, OR 97223
(503) 957-7165

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**WILLIAM T. PATTON**
**COZETTE T. TRAN-CAFFEE**
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2100

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#38) for Relief From Judgment and Plaintiff's Motion (#41) for Leave to File Attached Amended Motion for Relief From Judgment. For the reasons that follow, the Court **DENIES** Plaintiff's Motions.

## BACKGROUND

Plaintiff Sally A. Gillette was a participant at all relevant times in the Wilson Sonsini Goodrich & Rosati Welfare Benefit Plan (WSGR Plan) sponsored by Plaintiff's former employer, Wilson Sonsini Goodrich & Rosati, a law firm in Palo Alto, California. Prior to 1998 Plaintiff's son, Jesse Gillette, was also a participant in the WSGR Plan.

At some point in 1998 when Jesse Gillette reached age 19, Defendants terminated his coverage under the WSGR Plan. Plaintiff then entered into a protracted dispute with Defendants regarding the termination of Jesse Gillette's coverage.

At some point before February 24, 2003, Plaintiff and Defendants resolved the dispute related to Jesse Gillette's coverage, and Defendants reinstated his coverage under the WSGR Plan retroactive for four years.

Less than one year after Jesse Gillette's coverage was reinstated, he married and Defendants again terminated his coverage under the WSGR Plan. Jesse Gillette, however, obtained "COBRA continuation coverage under the Plan."

On June 7, 2006, Jesse Gillette died.

In 2008 Plaintiff, acting as the personal representative of Jesse Gillette's estate, filed a wrongful-death and medical-malpractice action against Jesse Gillette's healthcare providers[1] in Clackamas County Circuit Court.

On April 2, 2010, Plaintiff settled the wrongful-death and medical-malpractice case for $300,000. Defendant Connecticut General Life Insurance Company (CGLIC) and the WSGR Plan asserted a subrogation lien in connection with the wrongful-death and medical-malpractice case. On May 12, 2010, Plaintiff received notice of the subrogation lien.

On July 1, 2010, Plaintiff, acting *pro se*, served a Notice of Disallowance on the WSGR Plan and Defendant Cigna Healthcare of California, Inc. (CHC) in which Plaintiff notified them that

---

[1] Those healthcare providers are not defendants in this action.

3 - OPINION AND ORDER

their subrogation claim would be disallowed as invalid on August 1, 2010.

On July 26, 2010, Plaintiff filed a Petition for Approval of Final Distribution of Settlement Funds in Clackamas County Circuit Court in which she noted the subrogation lien had been resolved and CGLIC and the WSGR Plan waived their claim to the settlement proceeds.

On August 12, 2010, the court approved the final distribution of settlement funds.

On February 11, 2014, Plaintiff filed an action in this Court against the WSGR Plan, CIGNA Corporation, CGLIC, CHC, and others alleging Defendants breached their fiduciary duty under various provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Specifically, Plaintiff alleges Defendants breached their fiduciary duty when they violated (1) 29 U.S.C. § 1162(3)(A) by improperly calculating the premium for Jesse Gillette's COBRA continuation coverage and (2) 29 U.S.C. §§ 1103, 1104, and 1106 by asserting a subrogation lien on the settlement of Plaintiff's state-court wrongful-death action.

On July 18, 2014, Defendants filed a Motion to Dismiss Plaintiff's claims.

On October 10, 2014, Plaintiff filed a Request for Judicial Notice.

4 - OPINION AND ORDER

On October 31, 2014, the Court issued an Opinion and Order in which it granted Plaintiff's Request for Judicial Notice and granted Defendants' Motion to Dismiss on the ground that all of Plaintiff's claims were untimely. The Court also declined to grant Plaintiff leave to file an amended complaint on the ground that leave to amend would be futile. On October 31, 2014, the Court entered a Judgment dismissing this matter with prejudice.

On November 28, 2014, Plaintiff filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59(e).

On December 1, 2014, Plaintiff also appealed the Court's October 31, 2014, Opinion and Order and Judgment to the Ninth Circuit Court of Appeals.

On December 1, 2014, Plaintiff filed in this Court a Motion for Leave to File Attached Amended Motion for Relief From Judgment.

On December 2, 2014, the Ninth Circuit entered an Order in which it noted Plaintiff's appeal was filed "during the pendency of a timely motion listed in Federal Rule of Appellate Procedure 4(a)(4)." Accordingly, the Ninth Circuit found Plaintiff's Notice of Appeal to be "ineffective until entry of the order disposing of the last such motion outstanding" and held in abeyance all Ninth Circuit proceedings relevant to this matter.

On January 6, 2014, Defendants filed a Response to Plaintiff's Motion for Relief from Judgment and Motion for Leave

to File [an] Amended Motion for Relief from Judgment.

On January 23, 2015, Plaintiff filed a Reply to her Motion for Leave to File Attached Amended Motion for Relief From Judgment.  On February 2, 2015, Plaintiff filed a Reply to her Motion for Relief from Judgment, and the Court took this matter under advisement.

### PLAINTIFF'S MOTION (#38) FOR RELIEF FROM JUDGMENT

In her Motion for Relief from Judgment Plaintiff asks the Court

> to open the Judgment for litigation of matter[s] of law and fact not fairly litigated and to provide plaintiff an opportunity to respond to legal and factual arguments made by Defendants that she had no reasonable opportunity to rebut . . . [and] to bring errors of law and fact to the attention of the Court.

Mot. for Relief at 2.

"[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)(quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

6 - OPINION AND ORDER

In her Motion Plaintiff does not rely on newly discovered evidence or an intervening change in controlling law. Instead Plaintiff asserts relief under Rule 59(e) is warranted to prevent "manifest injustice." Specifically, Plaintiff asserts the Court (1) improperly converted Defendants' Motion to Dismiss to a Motion for Summary Judgment without allowing Plaintiff to submit "affidavits and other papers," (2) based its statute-of-limitations ruling on facts that Plaintiff did not allege, (3) did not provide Plaintiff with the opportunity to file a surreply, (4) addressed only four of Plaintiff's 25 claims, and (5) incorrectly interpreted and applied the statute of limitations.

Defendants assert Plaintiff fails to present facts and/or law sufficient to warrant relief under Rule 59(e). The Court agrees.

I.  **The Court did not convert Defendants' Motion to Dismiss to a Motion for Summary Judgment and relied solely on allegations in Plaintiff's Complaint and the documents that were the subject of Plaintiff's Motion for Judicial Notice.**

Plaintiff asserts the Court converted Defendants' Motion to Dismiss to a Motion for Summary Judgment and did not allow her to submit unidentified affidavits and other papers to support her claims. Plaintiff also asserts the Court decided Defendants' Motion to Dismiss on facts that Plaintiff did not allege. Plaintiff is incorrect. As noted in its Opinion and Order, the Court relied solely on the facts alleged in Plaintiff's Complaint

7 - OPINION AND ORDER

and in the documents of which the Court took judicial notice pursuant to Plaintiff's Motion for Judicial Notice. The Ninth Circuit has made clear when deciding "a 12(b)(6) motion, a court may . . . consider . . . allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). In addition, as the Court explained thoroughly in its Opinion and Order, the allegations in Plaintiff's Complaint, taken as true, establish Plaintiff had actual knowledge of the facts underlying her First Claim as early as February 2003 and not later than June 2006 and that Plaintiff was aware of the facts underlying her Second and Third Claims no later than July 2010." Plaintiff's claims *as alleged*, therefore, were untimely.

The Court concludes on this record that it did not err when it relied solely on the allegations in Plaintiff's Complaint and in the documents of which the Court took judicial notice pursuant to Plaintiff's Motion for Judicial Notice when deciding Defendants' Motion to Dismiss.

Accordingly, the Court declines to grant Plaintiff's Motion for Relief on that ground.

## II. The Court did not err when it failed to allow Plaintiff to file a Surreply.

Plaintiff alleges the Court erred when it did not provide Plaintiff with the opportunity to file a surreply to Defendants'

8 - OPINION AND ORDER

Motion to Dismiss. Plaintiff, however, never sought leave of the Court to file a surreply nor does the record contain any suggestion that Plaintiff intended or desired to file a surreply to Defendants' Motion. In addition, the Local Rules of this Court do not permit the filing of a surreply as a matter of right. The Court, therefore, did not err when it did not *sua sponte* give Plaintiff leave to file a surreply to Defendants' Motion to Dismiss.

Accordingly, the Court declines to grant Plaintiff's Motion for Relief on this ground.

### III. Plaintiff did not allege 25 claims.

Plaintiff asserts the Court erred when it addressed only four of Plaintiff's 25 claims. Plaintiff's Complaint, however, clearly contained only four claims for relief, each of which the Court separately addressed in its Opinion and Order. Exhibit 1 to Plaintiff's Motion for Relief is a chart prepared by Plaintiff "to clarify her claims for the Court and show that Defendants had misconstrued them." A review of Exhibit 1, however, establishes all of Plaintiff's purported 25 claims are based on the same three basic facts: COBRA premium issues, the subrogation lien, and the "improper termination of disabled dependent benefits," all of which were addressed by the Court in its October 31, 2014, Opinion and Order.

To the extent that Plaintiff now attempts to assert a claim

9 - OPINION AND ORDER

for improper termination of benefits, a review of Plaintiff's Complaint reveals she did not assert any such claim in her Complaint. In addition, Plaintiff did not bring a claim under 29 U.S.C. § 1132(a)(1)(B), which is the section of ERISA that permits claimants to sue for a wrongful denial of benefits. Moreover, even if Plaintiff had asserted such a claim in her Complaint, the Court would have found it to be beyond the six-year limitation period. The Court notes Plaintiff alleges in her Complaint that Defendants terminated Jesse Gillette's benefits twice: once in 1998 and again some time before February 24, 2004. Compl. ¶¶ 13, 23. Even the latest of these dates (February 24, 2004) is almost ten years before Plaintiff filed her Complaint and, therefore, beyond the limitations period.

Accordingly, the Court declines to grant Plaintiff's Motion for Relief on this ground.

**IV. The Court did not incorrectly interpret or apply the statute of limitations.**

Plaintiff asserts the Court incorrectly interpreted and/or applied the statute of limitations. Specifically, Plaintiff reiterates the arguments she made in response to Defendants' Motion to Dismiss: that the three-year limitations period of § 1113 is triggered by both actual knowledge of the act constituting an ERISA violation *and* actual knowledge that the act was unlawful. As the Court explained in its October 31, 2014, Opinion and Order:

10 - OPINION AND ORDER

> [T]he Ninth Circuit has made clear the limitations
> period in § 1113 begins to run when a plaintiff
> has knowledge of the defendant's allegedly
> unlawful actions rather than when a plaintiff has
> knowledge that the defendant's actions were
> unlawful pursuant to a particular statute. *See,
> e.g., Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193
> (9th Cir. 2001)("[A] plaintiff has actual
> knowledge of the breach or violation within the
> meaning of ERISA . . . § 1113(2), when he has
> knowledge of all material facts necessary to
> understand that an ERISA fiduciary has breached
> his or her duty or otherwise violated the Act.
> Although a plaintiff need not have knowledge of
> the relevant law, he must have knowledge of all
> facts necessary to constitute a claim.")(citations
> omitted)); *Blanton v. Anzalone*, 760 F.2d 989, 992
> (9th Cir. 1985)("The statute of limitations is
> triggered by the defendants' knowledge of the
> transaction that constituted the alleged
> violation, not by their knowledge of the law.");
> *Spinedex Physical Therapy, U.S.A., Inc. v. United
> Healthcare of Ariz., Inc.*, No. CV-08-00457-
> PHX-ROS, 2012 WL 8147128, at *3 (D. Ariz. Oct. 24,
> 2012)("In the context of a claim for breach of
> fiduciary duty, it is not necessary for a
> potential plaintiff to have knowledge of every
> last detail of a transaction, or knowledge of its
> illegality for the statute of limitations to begin
> to run.")(quotations omitted).

Op. and Order at 15-16.

Plaintiff also reiterates her assertion that the fraud or concealment exception applies to her subrogation-lien claims. As the Court explained in its October 31, 2014, Opinion and Order:

> Courts . . . have made clear that the ERISA
> "statute of limitations is triggered by
> [Plaintiff's] knowledge of the transaction that
> constituted the alleged violation" rather than the
> fact that the transaction violated ERISA. *See
> Blanton v. Anzalone*, 760 F.2d 989, 992 (9th Cir.
> 1985)(citations omitted). *See also Browning v.
> Tiger's Eye Benefits Consulting*, 313 F. App'x 656,
> 660 (4th Cir. 2009)(To have actual knowledge

11 - OPINION AND ORDER

> sufficient to begin the limitations period under § 1113, "circuits, including the Sixth, Seventh, Ninth, and Eleventh Circuits, require only that the plaintiff have knowledge of the facts or transaction that constituted the alleged violation; it is not necessary that the plaintiff also have actual knowledge that the facts establish a cognizable legal claim under ERISA in order to trigger the running of the statute.").
>
> Plaintiff does not allege in her Complaint that she has any more knowledge of the "methodology used to calculate the premiums [or of] all of the costs that were factored into the premium calculation" now than she did when she first suspected Defendants were charging Jesse Gillette excessive premiums between February 2003 and June 2006. Indeed the allegations in Plaintiff's Complaint taken at face value show Plaintiff had actual knowledge that Defendants were charging Jesse Gillette an excessive COBRA premium as early as February 2003 and not later than June 2006. The allegations in Plaintiff's Complaint also show the date of the last action that constituted a part of the alleged violation occurred in June 2006 when Jesse Gillette died and, therefore, was no longer receiving COBRA coverage. Plaintiff's claim, therefore, is untimely because Plaintiff brought her claim outside of both possible limitations periods in § 1113.

Op. and Order at 10-11. Plaintiff does not rebut either the Court's legal analysis or its evaluation of the facts alleged in Plaintiff's Complaint.

Accordingly, the Court denies Plaintiff's Motion for Relief from Judgment.

## PLAINTIFF'S MOTION (#41) FOR LEAVE TO FILE ATTACHED AMENDED MOTION FOR RELIEF FROM JUDGMENT

Plaintiff requests leave to file an Amended Motion for

12 - OPINION AND ORDER

Relief from Judgment to fill in the blanks left in her Motion for Relief from Judgment and to add arguments. Defendants oppose Plaintiff's Motion on the grounds that it is untimely and futile. The Court agrees.

Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiff filed her Motion for Relief on November 28, 2014, which was exactly 28 days after entry of the Judgment in this matter. Plaintiff's Motion for Relief contained blank spaces as placeholders for some of her citations. Three days after the 28-day deadline set out in Rule 59(e), Plaintiff filed her Motion to Amend. In her Motion for Leave to Amend Plaintiff acknowledged she requested leave to amend "because she filed the Motion [for Relief], Declaration and Exhibits in an unfinished state in order to meet the deadline." Mot. for Leave to Amend at 2. Plaintiff, therefore, in effect, seeks an extension of time to file her Motion for Relief from Judgment. Federal Rule of Civil Procedure 6(b), however, provides "[a] court must not extend the time to act under Rule[] . . . 59(e)." *See also Azam v. City of Pleasanton*, 356 F. App'x 6, 7 (9th Cir. 2009)("The district court had no power to extend the time to file a Rule 59(e) motion."). The Court declines to permit Plaintiff to make a collateral run around the firm time limit in Rule 59(e) particularly in light of the mandate of Rule 6(b) that the Court

13 - OPINION AND ORDER

does not have the authority to extend the time to file a Motion for Relief under Rule 59(e).

In any event, the Court concludes the amendment that Plaintiff seeks in her Motion for Leave to Amend would be futile. None of Plaintiff's proposed amendments change the Court's analysis of Plaintiff's Motion for Relief from Judgment. Indeed, most of Plaintiff's proposed amendments merely fill in citations to case law and to the record that should have been included in her original Motion. In fact, Plaintiff states in her Motion for Leave to Amend that "she does not believe the modifications to the Motion, Declaration and Exhibits are substantive."

Accordingly, the Court denies Plaintiff's Motion for Leave to File Attached Amended Motion for Relief From Judgment.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#38) for Relief From Judgment and **DENIES** Plaintiff's Motion (#41) for Leave to File Attached Amended Motion for Relief From Judgment.

IT IS SO ORDERED.

DATED this 17th day of February, 2015.

_____
ANNA J. BROWN
United States District Judge